IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| YOEL WEISSHAUS, | § § § | |
| PLAINTIFF, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-cv-00035-Z |
| STEVE COY TEICHELMAN, AND 100TH JUDICIAL DISTRICT, | § § § § | |
| DEFENDANTS. | § | |

## DEFENDANT 100TH JUDICIAL DISTRICT'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

TO THE HONORABLE MATTHEW J. KACSMARYK, PRESIDING JUDGE:

COMES NOW DEFENDANT, 100TH JUDICIAL DISTRICT ("DA", "District Attorney", or "Defendant"), and files this Motion to Dismiss Plaintiff's Original Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support:

### I.
### Introduction

This case involves a traffic stop and search of Plaintiff's vehicle. Plaintiff was pulled over for speeding and displaying an obscured license plate/registration insignia.[1] The officer conducting the stop had a K-9 with him, and the K-9 was used to detect illegal drugs or contraband. After a limited search of the vehicle, no illegal contraband was found, and Plaintiff was released with a warning.[2]

---

[1] *See* Plaintiff's Original Complaint [Doc. 1] at p. 3.
[2] *See* Plaintiff's Original Complaint [Doc. 1] at ¶¶5-36.

---

Plaintiff alleges that the traffic stop and search were the product of a scheme by the DA and local law enforcement agencies to illegally stop and search vehicles with the sole goal of seizing contraband.[3] The DA and law enforcement, who have entered into local agreement regarding the disposition of such contraband, then pursue a civil forfeiture of the allegedly illegally seized contraband for profit.[4]

However, civil forfeitures are lawful pursuant the Texas Code of Criminal Procedure Article 59. The local agreements between district attorneys and law enforcement agencies regarding the disposition of such contraband is specifically provided for by Texas Code of Criminal Procedure Article 59.06(c). Plaintiff attempts to spin the DA's lawful actions into a nefarious scheme to violate the Constitution in the pursuit of profit.

Plaintiff's § 1983 claim for municipal liability as to Defendant fail because Plaintiff fails to show that the lawful civil forfeitures and local agreements were promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result.

## II.
## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a plaintiff's complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a plaintiff must plead facts showing the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[3] *See* [Doc. 1] at ¶44.
[4] *See* [Doc. 1] at ¶44.

MOTION TO DISMISS AND BRIEF IN SUPPORT

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in a plaintiff's complaint as true; however, conclusory allegations, unwarranted factual inferences, legal conclusions, and formulaic recitations of a cause of action "will not do." *Id.* Furthermore, the facts pleaded must suggest liability; allegations that are merely consistent with wrongful conduct are insufficient. *Twombly*, 550 U.S. at 566-569.

### III.
### Arguments & Authorities

Municipal liability under § 1983 has three elements: (1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dept. of Social Servs. of City of N.Y.,* 436 U.S. 658, 694 (1978)). Requiring satisfaction of these elements is "necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Id.*

An official policy "usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cty.,* 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski,* 237 F.3d at 579). Whatever its form, to yield municipal liability under § 1983, the policy must have been the "moving force" behind the plaintiff's constitutional violation. *Piotrowski,* 237 F. 3d at 580 (quoting *Monell,* 436 U.S. at 694). In other words, a plaintiff "must show direct causation, i.e., that there was 'a direct causal link' between the policy and the violation." *James,* 577 F.3d at 617 (quoting *Piotrowski,* 237 F.3d at 580).

Where an alleged policy is facially innocuous, as is the case here, establishing the requisite official knowledge necessitates that a plaintiff demonstrate that the policy was promulgated or

"implemented with 'deliberate indifference' to the 'known or obvious consequences' that constitutional violations would result." *See Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown,* 520 U.S. 397, 407 (1997)); *Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir. 2003) (must show "facially innocuous" policy or custom was "promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result") (internal quotations omitted)).

Establishing deliberate indifference generally requires a "pattern of similar violations" arising from a policy "so clearly inadequate as to be 'obviously likely to result in a constitutional violation.'" *Burge*, 336 F.3d at 370 (quoting *Thompson v. Upshur Cty.,* 245 F.3d 447, 459 (5th Cir. 2001)). Mere negligence, even gross negligence, is not sufficient to establish deliberate indifference. *Brown v. Bryan Cty, OK,* 219 F.3d 450, 460–63 (5th Cir. 2000). The causal link "moving force" requirement and the degree of culpability "deliberate indifference" requirement must not be diluted, for "where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability." *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (internal quotations omitted).

At the motion-to-dismiss stage, a "plaintiff[ ] must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (per curiam) (citation and quotation marks omitted); *see also Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 at 156-59 (2d ed.)).

Here, Plaintiff alleges that Luke Inman, as District Attorney for the 110th Judicial District, was "directly involved" with the implementation of unidentified and unnamed "policies and practices" related to traffic stops.[5] Plaintiff also alleges that Inman was responsible for implementing the "asset forfeiture agreements" with law enforcement agencies pursuant to Chapter 59 of the Texas Code of Criminal Procedure.[6] Based upon the lawful local agreements related to civil forfeitures, Plaintiff makes the conclusory allegation and unsupported logical leap that "upon information and belief, the 100th Judicial District Traffic Enforcement Division has a practice and custom of profiting off civil forfeiture actions instituted against citizens under Article 59.01 of the Texas Code of Criminal Procedure regarding property illegally seized after conducting unconstitutional searches during illegally prolonged detentions without probable cause or consent to search."[7] Plaintiff does not directly challenge the Texas civil forfeiture law on its face. Rather, Plaintiff challenges the local agreements with law enforcement agencies related to the handling of civil forfeitures.[8] However, such local agreements are specifically contemplated by the Texas Code of Criminal Procedure. *See* Tex. Code of Crim. P. Art. 59.06(c).

As Justice Thomas noted in his statement regarding denial of certiorari in *Leonard v. Texas*, "civil forfeiture has in recent decades become widespread and highly profitable. And because the law enforcement entity responsible for seizing the property often keeps it, these entities have strong incentives to pursue forfeiture." 137 S.Ct. 847, 848 (2017) (internal citations omitted). That the District and local law enforcement profit from civil forfeitures is constitutional and a lawful practice similarly employed throughout Texas. *See id.*; *see El-Ali v. State*, 428 S.W.3d 824 (Tex. 2014) (The Texas Supreme Court declined to review the constitutionality of civil forfeiture).

---

[5] *See* Plaintiff's Original Complaint [Doc. 1] at ¶167.
[6] *See* [Doc. 1] at ¶¶43, 168-69.
[7] *See* [Doc. 1] at ¶44.
[8] *See* [Doc. 1] at ¶47.

"Congress did not intend municipalities to be held liable unless *deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Bd. of Cty. Comm'rs of Bryan Cty.*, 520 U.S. at 415.

Plaintiff uses 21 different instances where there was a traffic stop, search, and contraband found.[9] Plaintiff provides no context, documentation, or ultimate resolution as to any of the instances cited. Plaintiff does not disclose whether the person(s) pled guilty, what the court decided, or even if any of the circumstances are similar to the Plaintiff's allegations. Plaintiff merely makes the conclusory allegation that in each instance, the traffic stop was "prolonged" pursuant to an "unconstitutional pattern and practice."[10] At the motion-to-dismiss stage, a "complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *See Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 300 F. Supp. 3d 857, 875 (N.D. Tex. 2018). Plaintiff offers no explanation as to how any of these stops were "prolonged" pursuant to an "unconstitutional pattern and practice." Plaintiff only notes that traffic stops took place and contraband was discovered and in a conclusory manner alleges that each of those stops were unconstitutional in some manner.[11]

Furthermore, the instances cited by Plaintiff are factually different from the facts before the Court. Here, there was a traffic stop and search, but no contraband was found during the search. Plaintiff provides only an isolated incident where there was a traffic stop and search, but no contraband was found during the search. As the Fifth Circuit has noted, isolated violations are not the persistent, often repeated, constant violations, that constitute custom, and a customary municipal policy cannot ordinarily be inferred from single constitutional violations. *See Raymond*

---

[9] *See* Plaintiff's Original Complaint [Doc. 1] at ¶¶73-94.
[10] *See* [Doc. 1] at ¶72.
[11] *See* [Doc. 1] at ¶¶73-94.

*v. Ector County, Tex.*, 507 Fed. Appx. 347, 350 (5th Cir. 2013). "Establishing deliberate indifference generally requires a pattern of similar violations arising from a policy so clearly inadequate as to be obviously likely to result in a constitutional violation." *Covington v. City of Madisonville, Tex.*, 812 Fed. Appx. 219, 225 (5th Cir. 2020) (internal quotations omitted).

The policy upon which Plaintiff seeks to attach liability relates to civil forfeitures and related local agreements with law enforcement agencies. Civil forfeitures and the local agreements at issue are lawful pursuant to the Texas Code of Criminal Procedure Article 59. *See* Tex. Code of Crim. P. Art. 59.06(c) ("If a local agreement exists between the attorney representing the state and law enforcement agencies, all money, securities, negotiable instruments, stocks or bonds, or things of value, or proceeds from the sale of those items, shall be deposited, after the deduction of court costs to which a district court clerk is entitled under Article 59.05(f), according to the terms of the agreement into one or more of the following funds . . . .). Plaintiff cannot show municipal liability under § 1983 related to a lawful civil forfeiture policy and lawful local agreements necessary to establish the policies were obviously likely to result in a constitutional violation. Defendant 100th Judicial District therefore requests that Plaintiff's § 1983 be dismissed.

## IV.
## Prayer

For these reasons, Defendant 100TH JUDICIAL DISTRICT prays that the Court grant its motion under 12(b)(6) and dismiss Plaintiff's Original Complaint. Defendant prays for such other and further relief to which it may show itself entitled.

Respectfully submitted,

*/s/ Slater C. Elza*
Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
P.O. Box 9158
Amarillo, Texas  79105
Tel:  (806) 376-5613
Fax:  (806) 379-0316

Brad R. Timms
State Bar No. 24088535
brad.timms@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
1008 Macon Street, Suite 101
Fort Worth, Texas  76102
Tel:  (817) 885-7529
Fax:  (817) 439-9922

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties of record via the Court's Electronic Filing System on the 30th day of March, 2022.

*/s/ Slater C. Elza*
Slater C. Elza