IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| YOEL WEISSHAUS, | § § § § | |
| PLAINTIFF, | § § | |
| v. | § § § | CIVIL ACTION NO. 2:22-cv-00035-Z |
| STEVE COY TEICHELMAN, AND 100TH JUDICIAL DISTRICT, | § § § § | |
| DEFENDANTS. | § | |

**DEFENDANTS STEVE COY TEICHELMAN AND 100TH JUDICIAL DISTRICT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FILED SUBJECT TO THE PREVIOUSLY FILED MOTION TO DISMISS**

TO THE HONORABLE MATTHEW J. KACSMARYK, PRESIDING JUDGE:

COME NOW DEFENDANTS, STEVE COY TEICHELMAN[1] ("Teichelman") and 100TH JUDICIAL DISTRICT ("DA" or "District") (collectively "Defendants"), by and through counsel, subject to the previously filed Motion to Dismiss under Federal Rule of Civil Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, hereby file their Original Answer to Plaintiff's Complaint and would show the Court as follows:

**DEFENDANTS' ORIGINAL ANSWER**

Pursuant to Fed. R. Civ. P. 8(b), Defendants deny each and every allegation in Plaintiff's Complaint, except those allegations specifically admitted below.

**I.  DEFENDANTS' ANSWER TO PLAINTIFF'S SUMMARY**

Defendants deny that Teichelman is employed with the 100th Judicial District Traffic Enforcement Division. Defendants admit that Teichleman conducted a traffic stop on Plaintiff.

---

[1] Defendant Teichelman asserts the affirmative of qualified immunity. *See infra* at ¶193.

Defendants admit that Teichelman issued Plaintiff a warning. Defendants deny that the remaining allegations in the summary section accurately describe the circumstances that occurred. Defendants also deny that the summary section accurately applies the law to the circumstances that that occurred.

## I.
## PARTIES

1. Relying upon information provided to Defendants by Plaintiff, Defendants admit the allegations in Plaintiff's Paragraph 1 regarding Plaintiff's citizenship and state of residence.

2. Defendants deny Teichelman resides in Carson County.[2] Defendants also deny that Teichelman is employed with the District's Traffic Enforcement Division. Defendants deny all other allegations in Plaintiff's Paragraph 2 as written.

3. Defendants deny the allegations in Plaintiff's Paragraph 3, as written.

## II.
## JURISDICTION AND VENUE

4. Defendants admit the Court generally has jurisdiction over the causes of action presented in Plaintiff's Complaint, but Defendants reserve the right to challenge the Court's jurisdiction to consider Plaintiff's alleged claims if such facts disputing the Court's jurisdiction are identified or as allowed by other defenses asserted herein. Defendants admit venue is proper in the Northern District of Texas, Amarillo Division.

## III.
## FACTS AND ALLEGATIONS

5. Defendants admit the allegation in Plaintiff's Paragraph 5.

6. Defendants deny the allegations in Plaintiff's Paragraph 6.

---

[2] Teichelman resides in Childress County, Texas.

7. Defendants are without sufficient information to admit or deny the allegations in Plaintiff's Paragraph 7.

8. Defendants deny the allegations in Plaintiff's Paragraph 8 as to Teichelman's employer. Defendants admit the remaining allegations.

9. Defendants admit the allegations in Plaintiff's Paragraph 9.

10. Defendants admit the allegations in Plaintiff's Paragraph 10.

11. Defendants admit the allegations in Plaintiff's Paragraph 11.

12. Defendants deny the allegations in Plaintiff's Paragraph 12.

13. Defendants admit the screen shot shown in Plaintiff's Paragraph 13 is of the redacted warning issued by Teichelman.

14. Defendants deny the allegations in Plaintiff's Paragraph 14.

15. Defendants deny the allegations in Plaintiff's Paragraph 15.

16. Defendants deny the allegations in Plaintiff's Paragraph 16.

17. Defendants admit that Plaintiff was asked if he wanted to consent to a search of his vehicle.

18. Defendants admit that Plaintiff declined consent to the search. Defendants are without sufficient information to admit or deny the remaining allegations.

19. Defendants admit the allegations in Plaintiff's Paragraph 19.

20. Defendants admit the allegations in Plaintiff's Paragraph 20.

21. Defendants admit the allegations in Plaintiff's Paragraph 21.

22. Defendants deny the allegations in Plaintiff's Paragraph 22.

23. Defendants deny the allegations in Plaintiff's Paragraph 23.

24. Defendants deny the allegations in Plaintiff's Paragraph 24.

25. Defendants admit that no illegal narcotics were found inside the vehicle during the limited search.

26. Defendants deny the allegations in Plaintiff's Paragraph 26, as written.

27. Defendants deny the allegations in Plaintiff's Paragraph 27, as written. Teichelman conducted a probable cause search of Plaintiff's vehicle.

28. Defendants deny the allegations in Plaintiff's Paragraph 28, as written.

29. Defendants deny the allegations in Plaintiff's Paragraph 29, as written.

30. Defendants deny the allegations in Plaintiff's Paragraph 30.

31. Defendants deny the allegations in Plaintiff's Paragraph 31.

32. Defendants deny the allegations in Plaintiff's Paragraph 32.

33. Defendants deny the allegations in Plaintiff's Paragraph 33.

34. Defendants admit that Plaintiff was permitted to leave. Defendants deny the remaining allegation in Plaintiff's Paragraph 34.

35. Defendants admit the allegations in Plaintiff's Paragraph 35.

36. Defendants deny that Teichelman was employed with the District's Traffic Enforcement Division and that he was in a "department issued vehicle." Defendants admit the remaining allegations contained in Plaintiff's Paragraph 36.

## Asset Forfeiture[3]

37. Defendants admit that Plaintiff correctly states the law concerning Article 59 of the Texas Code of Criminal Procedure.

38. Defendants admit that Plaintiff correctly states the law concerning Article 59 of the Texas Code of Criminal Procedure.

---

[3] Headings taken from Plaintiff's Complaint do not constitute any admission.

39. Defendants admit that the State bears the burden to prove probable cause for seizures as stated in Plaintiff's Paragraph 39.

40. Defendants admit that Plaintiff's correctly cited the case law cited in Plaintiff's Paragraph 40.

41. Defendants admit that Plaintiff's correctly cited the case law cited in Plaintiff's Paragraph 41.

42. Defendants admit that Plaintiff correctly states the law concerning Article 59 of the Texas Code of Criminal Procedure.

43. Defendants admit that Plaintiff correctly states the law concerning Article 59 of the Texas Code of Criminal Procedure.

### 100th Judicial District's Practice of Unconstitutional Searches and Seizures

44. Defendants deny the allegations in Plaintiff's Paragraph 44.

### The Asset Forfeiture Agreements

45. Defendants admit that the District enters into agreements with law enforcement agencies for certain counties. Defendant denies that those agreements are for the purpose of profiting off civil forfeitures.

46. Defendants admit the allegations in Plaintiff's Paragraph 46.

47. Defendants admit that the District enters into agreements with law enforcement agencies for certain counties. Defendant denies that those agreements are for the purpose of profiting off civil forfeitures.

48. Defendants admit that the screen shot is of a local agreement entered into by the District. Defendants deny that this is the only applicable local agreement.

49. Defendants admit the allegations in Plaintiff's Paragraph 49.

50. Defendants admit the allegations in Plaintiff's Paragraph 50.

### Chief Policy Maker Luke Inman

51. Defendants deny the allegations in Plaintiff's Paragraph 51.

52. Defendants deny that Teichelman was employed by the District. Defendants admit the remaining allegations in Plaintiff's Paragraph 52.

53. Defendants admit that Luke Inman is the District Attorney for the District. Defendants deny the remaining allegations in Plaintiff's Paragraph 53.

54. Defendants deny the allegations in Plaintiff's Paragraph 54.

55. Defendants admit the allegations in Plaintiff's Paragraph 55.

56. Defendants admit the allegations in Plaintiff's Paragraph 56.

57. Defendants admit the allegations in Plaintiff's Paragraph 57.

58. Defendants admit the allegations in Plaintiff's Paragraph 58.

59. Defendants admit that Luke Inman is the District Attorney for the District. Defendants deny the remaining allegations in Plaintiff's Paragraph 59.

60. Defendants admit the allegations in Plaintiff's Paragraph 60.

61. Defendants admit the allegations in Plaintiff's Paragraph 61.

62. Defendants admit the allegations in Plaintiff's Paragraph 62.

63. Defendants lack knowledge regarding the "article" described and an understanding of the phrase "hundreds of thousands of forfeited property." Defendants admit the remaining allegations in Plaintiff's Paragraph 63.

64. Defendants admit the allegations in Plaintiff's Paragraph 64.

65. Defendants admit the allegations in Plaintiff's Paragraph 65.

66. Defendants admit the allegations in Plaintiff's Paragraph 66.

67. Defendants deny the allegations in Plaintiff's Paragraph 67, as written.

68. The referenced alleged statement is taken out of context; therefore, Defendants deny the allegations in Plaintiff's Paragraph 68.

69. Defendants deny the allegations in Plaintiff's Paragraph 69.

70. Defendants admit the allegations in Plaintiff's Paragraph 70.

71. Defendants deny the allegations in Plaintiff's Paragraph 71.

72. Defendants deny the allegations in Plaintiff's Paragraph 72, as written.

## Case Number 11376

73. Defendants admit there was a traffic stop involving Anthony Portillo, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 73.

## Case Number 11515

74. Defendants admit there was a traffic stop involving David Paul Diaz, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 74.

## Case Number 11607

75. Defendants admit there was a traffic stop involving David J Torres, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 75.

## Case Number 11608

76. Defendants admit there was a traffic stop involving driver Hassan McElwain and passenger Sonia Torres, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 76.

## Case Number 11936

77. Defendants admit there was a traffic stop involving driver Hector Rene Nevarez and passenger Martin Norberto Castaneda, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 77.

## Case Number 7926

78. Defendants admit there was a traffic stop involving Marcos Arreaga Villa and Juvenal Gamino Segundo, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 78.

## Case Number 7960

79. Defendants admit there was a traffic stop involving Thomas H. Ciccil, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 79.

## Case Number 12393

80. Defendants admit there was a traffic stop involving driver Husing Vang and passenger Crystal Lee, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 80.

## Case Number 12410

81. Defendants admit there was a traffic stop involving driver Mark Allen Randell and passenger Peter Judge Randell, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 81.

### Case Number 12417

82. Defendants admit there was a traffic stop involving Justin Thomas Burnett, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 82.

### Case Number 12438

83. Defendants admit there was a traffic stop involving driver Colin Ray Dotter and passenger Jessica Elora Jewell, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 83.

### Case Number 12455

84. Defendants admits there was a traffic stop involving Reynaldo Barron-Ortiz, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 84.

### Case Number 12522

85. Defendants admit there was a traffic stop involving driver Jerald S Kemp and passenger Brandon T Bevis, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 85.

### Case Number 12563

86. Defendants admit there was a traffic stop involving Jose Alberto Colin Contreras, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 86.

### Case Number 11148

87. Defendants admit there was a traffic stop involving Brandon Scott Rutherford, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 87.

### Case Number 12546

88. Defendants admit there was a traffic stop involving driver Jerrery Kyle Novak and passenger Tony Levell Perry, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 88.

89. Defendants deny the allegations in Plaintiff's Paragraph 89.

### Case Number 11818

90. Defendants admit there was a traffic stop involving driver Andres Joes Pule and passenger Nicolas Waditijh Bardawil, Jr., which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 90.

### Case Number 12098

91. Defendants admit there was a traffic stop, search, and arrest associated with this case number. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 91.

### Case Number 10901

92. Defendants admit there was a traffic stop involving driver Ulises Pomel and passenger Jose Alberto Guerro Menendez, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 92.

### Case Number 7924

93. Defendants admit there was a traffic stop involving driver Li Tian and passenger Samuel Bian, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 93.

### Case Number 12330

94. Defendants admit there was a traffic stop involving driver Rebecca Jean Marinan and passenger Olivia R. Watkins, which resulted in a probable-cause search and arrest. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 94.

95. Defendants deny the allegations in Plaintiff's Paragraph 95.

96. Defendants deny the allegations in Plaintiff's Paragraph 96.

97. Defendants deny the allegations in Plaintiff's Paragraph 97.

### IV.
### CAUSES OF ACTION

**Illegal Detention**
**Against Defendant Teichelman**
**Pursuant to the Fourth Amendment and 42 U.S.C. § 1983**

98. Defendants reassert its answers to the corresponding re-alleged paragraphs.

99. Defendants admit that the case law is correctly stated in Plaintiff's Paragraph 99.

100. Defendants deny the allegations in Plaintiff's Paragraph 100.

101. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 101.

102. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 102.

103. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 103.

104. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 104.

105. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 105.

106. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 106.

107. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 107.

108. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 108.

109. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 109.

110. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 110.

111. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 111.

112. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 112.

113. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 113.

114. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 114.

115. Defendants deny that Plaintiff accurately states the law cited in Plaintiff's Paragraph 115.

116. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 116.

117. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 117.

118. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 118.

119. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 119.

120. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 120.

121. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 121.

122. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 122.

123. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 123.

124. Defendants deny that Plaintiff accurately states the law cited in Plaintiff's Paragraph 124.

125. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 125.

126. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 126.

127. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 127.

128. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 128.

129. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 129.

130. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 130.

131. Defendants deny that Plaintiff accurately states the law cited in Plaintiff's Paragraph 131.

132. Defendants deny that Plaintiff accurately states the law cited in Plaintiff's Paragraph 132.

133. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 133.

134. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 134.

135. Defendants deny that Plaintiff accurately states the law cited in Plaintiff's Paragraph 135.

136. Defendants deny the allegations in Plaintiff's Paragraph 136.

137. Defendants lack knowledge regarding Plaintiff's state of mind. Defendants deny the remaining allegations contained in Plaintiff's Paragraph 137.

138. Defendants deny the allegations in Plaintiff's Paragraph 138.

139. Defendants deny the allegations in Plaintiff's Paragraph 139.

140. Defendants deny the allegations in Plaintiff's Paragraph 140.

141. Defendants deny the allegations in Plaintiff's Paragraph 141.

142. Defendants deny the allegations in Plaintiff's Paragraph 142.

## Count Two

### Illegal Search
### Against Defendant Teichelman
### Pursuant to the Fourth Amendment and 42 U.S.C. § 1983

143. Defendants reassert its answers to the corresponding re-alleged paragraphs.

144. Defendants admit that the Fourth Amendment is correctly stated in Plaintiff's Paragraph 144.

145. Defendants deny the allegations contained in Plaintiff's Paragraph 145.

146. Defendants admit the law is correctly summarized in Plaintiff's Paragraph 146.

147. Defendants admit the law is correctly summarized in Plaintiff's Paragraph 147.

148. Defendants admit the allegations contained in Plaintiff's Paragraph 148.

149. Defendants admit the allegations contained in Plaintiff's Paragraph 149.

150. Defendants deny the allegations contained in Plaintiff's Paragraph 150.

151. Defendants admit the allegations contained in Plaintiff's Paragraph 151.

152. Defendants deny the allegations contained in Plaintiff's Paragraph 152.

153. Defendants deny the allegations contained in Plaintiff's Paragraph 153.

154. Defendants deny the allegations contained in Plaintiff's Paragraph 154.

155. Defendants deny the allegations contained in Plaintiff's Paragraph 155.

156. Defendants deny the allegations contained in Plaintiff's Paragraph 156.

157. Defendants deny the allegations contained in Plaintiff's Paragraph 157.

158. Defendants deny the allegations contained in Plaintiff's Paragraph 158.

### Count Three

### Causes of action against Defendant 100th Judicial District under
### *Monell v. New York City Department of Social Services*
### Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983

159. Defendants reassert its answers to the corresponding re-alleged paragraphs.

160. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 160.

161. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 161.

162. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 162.

163. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 163.

164. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 164.

### POLICYMAKER

165. Defendants admit that the case law is correctly summarized in Plaintiff's Paragraph 165.

166. Defendants deny the allegations contained in Plaintiff's Paragraph 166.

167. Defendants deny the allegations contained in Plaintiff's Paragraph 167.

168. Defendants admit that Inman entered into local agreements as "Attorney Representing the State." Defendants deny the remaining allegations contained in Plaintiff's Paragraph 168, as written.

169. Defendants deny the allegations contained in Plaintiff's Paragraph 169.

170. Defendants deny the allegations contained in Plaintiff's Paragraph 170.

171. Defendants admit that the case law is correctly stated in Plaintiff's Paragraph 171.

172. Defendants deny the allegations contained in Plaintiff's Paragraph 172.

173. Defendants deny the allegations contained in Plaintiff's Paragraph 173.

174. Defendants deny the allegations contained in Plaintiff's Paragraph 174.

175. Defendants deny the allegations contained in Plaintiff's Paragraph 175.

176. Defendants deny the allegations contained in Plaintiff's Paragraph 176.

177. Defendants deny the allegations contained in Plaintiff's Paragraph 177.

178. Defendants deny the allegations contained in Plaintiff's Paragraph 178.

179. Defendants deny the allegations contained in Plaintiff's Paragraph 179.

## V.
## Damages

180. Defendants reassert its answers to the corresponding re-alleged paragraphs.

181. Defendants deny the allegations contained in Plaintiff's Paragraph 181 and further deny any liability for claims alleged by Plaintiff.

182. Defendants deny the allegations contained in Plaintiff's Paragraph 182 and further deny any liability for claims alleged by Plaintiff.

183. Defendants deny the allegations contained in Plaintiff's Paragraph 178. Defendants deny Plaintiff suffered any injury or damages and further deny Plaintiff is entitled to any recovery or remedy based on the allegations presented in Plaintiff's Complaint.

## VI.
## Attorneys' Fees

184. Defendants deny the allegations contained in Plaintiff's Paragraph 182 and further deny any liability for claims alleged by Plaintiff.

## VII.
## Jury Request

185. No response required.

186. Defendants deny any factual allegations contained in the Prayer of Plaintiff's Complaint.

## II.   DEFENDANTS' AFFIRMATIVE DEFENSES

187. Defendants generally deny each and every, all and singular, any allegations or contentions in the Complaint that have not been specifically admitted or denied in the proceed sections of this Answer.

188. Defendants assert Plaintiff's Original Complaint fails to state a claim against Defendant District upon which relief can be granted.

189. Under a totality of the circumstances facing Defendant Teichelman, the traffic stop and search were reasonable, lawful, and did not violate any of Plaintiff's rights under state or federal law.

190. There was no District custom or policy that caused a constitutional violation.

191. To the extent applicable as to any of Plaintiff's claims, Defendants assert the Comparative Fault Doctrine. Defendants assert that any alleged injuries or damages sought by Plaintiff arise from his own conduct.

192. Defendants assert Plaintiff is not entitled to any recovery or damages because Defendants are entitled to governmental immunity and Eleventh Amendment immunity for the claims asserted by Plaintiff.

193. Defendant Teichelman is entitled to qualified immunity and is not personally liable for any claims, damages, or other requests for relief asserted by Plaintiff.

194. In this case, imposition of punitive damages would be unconstitutional and would violate Defendant Teichelman's rights under state and federal Constitution.

195. Defendants assert Plaintiff is not entitled to an award of attorney fees.

### III.   PRAYER

For these reasons, Defendants STEVE COY TEICHELMAN and the 100TH JUDICIAL DISTRICT pray that this Court render a take-nothing judgment as to all of Plaintiff's claims, and that Defendants be awarded all other relief to which they may be entitled, at law or in equity.

Respectfully submitted,

/s/ Slater C. Elza
Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
P.O. Box 9158
Amarillo, Texas  79105
Tel:  (806) 376-5613
Fax:  (806) 379-0316

Brad R. Timms
State Bar No. 24088535
brad.timms@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
1008 Macon Street, Suite 101
Fort Worth, Texas  76102
Tel:  (817) 885-7529
Fax:  (817) 439-9922
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties of record via the Court's Electronic Filing System on the 30th day of March, 2022.

*/s/ Slater C. Elza*
Slater C. Elza