IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| YOEL WEISSHAUS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-cv-035-Z-BR |
| | § | |
| STEVE COY TEICHELMAN and | § | |
| 100th JUDICIAL DISTRICT | § | |
| | § | |
| Defendants. | § | |

**ORDER TO SUBMIT JOINT PROPOSED SCHEDULING ORDER
AND SETTING VIDEO RULE 16 SCHEDULING CONFERENCE**

**\* Joint Proposed Scheduling Order Due Date:  May 20, 2022 \***
**\* Rule 16 Scheduling Conference:  May 24, 2022 at 9:30 a.m. \***

This order is entered to facilitate entry of a Scheduling Order pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Northern District's Civil Justice Expense and Delay Reduction Plan (the "Plan"). This order also contains preliminary information intended to help the parties comply with applicable rules and procedures. The Federal Rules of Civil Procedure and the local civil rules in effect on the date of this order, together with amendments to these rules that take effect while this case is pending, apply to this case.

### I.  DUE DATE FOR JOINT PROPOSED SCHEDULING ORDER

If this case is not settled or otherwise resolved **before May 20, 2022,** the "Joint Proposed Scheduling Order Due Date," then the parties must submit a Joint Proposed Scheduling Order that contains the matters set out in Section V. below. Because of the Court's Rule 16(b)(2) deadline for issuing a Scheduling Order, any request for an extension of the Joint Proposed Scheduling Order Due Date must be made by written motion and be supported by good cause. **Joint Proposed Scheduling Orders must be filed with the Clerk's Office.**

### II.  INITIAL DISCLOSURE REQUIREMENTS AND OBJECTION PROCEDURE

The initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) apply to this case unless Rule 26(a)(1)(B) exempts disclosure or the parties stipulate otherwise. If, during the Rule 26(f) conference process, a party objects that initial disclosures are not appropriate and states the objection in the Joint Proposed Scheduling Order, *see* Rule 26(a)(1)(C), the party must file a separate letter with the proposed order that alerts the Court to the fact that the objection has been made.

### III. RULE 26(f) DISCOVERY PLANNING CONFERENCE

No later than four (4) business days before the Joint Proposed Scheduling Order Due Date, lead counsel for each party (or a designee attorney with appropriate authority), and/or any parties proceeding pro se, shall meaningfully confer on each of the matters specified in Rule 26(f)(2) and this order. The Rule 26(f) conference may be conducted in person, telephonically, by email, fax or mail, or by other means that will successfully result in a Joint Proposed Scheduling Order and accomplish the conference requirement.

### IV. SCHEDULING ORDERS ENTERED BEFORE ALL PARTIES APPEAR

Under Federal Rule of Civil Procedure 16, a "judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). The time within which the Court must issue a scheduling order is based on the appearance of or service on *any* defendant. In a multi-defendant case, if the Court enters an order relating to scheduling under Rule 16 before all defendants are served or appear, plaintiff(s) or plaintiff's counsel shall provide all later-appearing defendants a copy of such order(s) by the most effective means available.

### V. CONTENTS OF JOINT PROPOSED SCHEDULING ORDER

If the parties disagree about a particular proposal, they must provide their respective recommendations and explain their disagreement. The parties shall submit their proposals in the form of a pleading rather than as an order for the Court to sign. The Court will enter its own Scheduling Order after the Rule 16 Scheduling Conference is completed. If a party fails to participate in the proposal process, the Court will enter a Scheduling Order without that party's proposals.

Proposed deadlines and dates shall be submitted in the form of dates certain (e.g., "December 11, 2020" and not "120 days before trial"). Parties shall not submit proposed deadlines and dates by describing the desired amount of time between deadlines or between a deadline and a trial-related date.

    A.    *Required Contents.*

The Joint Proposed Scheduling Order **must** contain:

1. a brief statement of the nature of the case, including the contentions of the parties;
2. any challenge to jurisdiction or venue;
3. a statement as to the likelihood that other parties will be joined;
4. proposed time deadlines:

      a.   to join other parties;
      b.   for parties seeking affirmative relief to designate expert witnesses;
      c.   for parties seeking affirmative relief to make the expert disclosures required by Rule 26(a)(2);
      d.   for parties opposing affirmative relief to designate expert witnesses;
      e.   for parties opposing affirmative relief to make the expert disclosures required by Rule 26(a)(2);
      f.   for all parties to designate rebuttal expert witnesses;
      g.   to object to the qualifications and/or competency of experts (*i.e., Daubert* and similar motions);
      h.   to amend the pleadings;
      i.   to mediate the case;
      j.   to complete discovery;
      k.   to file dispositive motions, including motions for summary judgment;
      l.   to file all other motions except motions in limine; and
      m.   for filing Rule 26(a)(3) disclosures.

5. the parties' views and proposals on each of the matters listed in Rule 26(f)(3)(A)-(F), listed under six separate subheadings corresponding with the above-listed subsections of Rule 26;

6. under separate headings, the parties shall include:

    a.   a statement as to whether <u>all</u> parties consent to have the Magistrate Judge conduct <u>all</u> proceedings in this case, including jury or nonjury trial and entry of judgment, pursuant to 28 U.S.C. § 636(c);

    If all parties consent, please either file the appropriate consent form in this case or indicate in your Joint Proposed Scheduling Order that the parties so consent. If consent is indicated in the Joint Proposed Scheduling Order, the Order shall list each consenting party's name and each consenting party's counsel's name in the following format:

        (1) Party name: _____     Attorney: _____
        (2) Party name: _____     Attorney: _____

    If all parties do not consent, the statement need not identify the parties who do not consent;

    b.   the current status of settlement negotiations, and a statement as to whether it is more appropriate to refer the case for private mediation (*see* Plan § III) or conduct a court-supervised settlement conference;

    c.   a "**proposed trial date**" <u>if</u> the parties have consented to the Magistrate Judge conducting <u>all</u> proceedings in this matter per paragraph 6.a. above. If the parties have not so consented, then a "**ready for trial date**" the District Judge may consider as instructive <u>when setting this case for trial on his/her docket</u>. Under this

  heading, also provide an estimate of the number of trial days and indicate whether a jury has been demanded;

  d. if a party is required under N.D. Tex. Civ. R. 83.10(a) to have local counsel, the date local counsel entered an appearance or that the party moved for leave to proceed without local counsel; and

  e. the date a certificate of interested persons required under N.D. Tex. Civ. R. 3.1(c), 3.2(e), 7.4, or 81.1(a)(3)(D) was filed by a party or the party adopted another party's certificate of interested persons; and

7. any information the parties believe may help the Court in setting a schedule for the case.

B. *Permitted Contents*.

The Joint Proposed Scheduling Order **may** contain:

1. proposed modifications of the timing of disclosures under Rule 26(a) and Rule 26(e)(1);

2. proposed modifications of the extent of discovery otherwise permitted under the Rules;

3. proposals for disclosure, discovery, or preservation of electronically stored information;

4. any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Fed. R. Evid. 502;

5. a proposed procedure for requiring that, before moving for an order relating to discovery, the movant must request a conference with the Magistrate Judge;

6. proposed dates for any pretrial conferences, if needed, for a final pretrial conference, and for trial, keeping in mind that if the parties have not consented to referral to the Magistrate Judge per paragraph 6.a. above, then the undersigned cannot set the dates referenced in this paragraph; nevertheless, those proposed dates will still be useful to the District Judge in determining a trial schedule for the case; and

7. proposals pertaining to any other appropriate matters.

## VI. VIDEO RULE 16 SCHEDULING CONFERENCE

An initial pretrial and scheduling conference will be held **by video** before the undersigned **on May 24, 2022 at 9:30 a.m.** The video Rule 16 Scheduling Conference will address the matters listed in Sections V.A. and B. above and set forth in the parties' Joint Proposed Scheduling Order.

Any pro se party must attend this conference by video. Each represented party shall have at least one attorney admitted to and in good standing with the Northern District of Texas appear by video at the scheduling conference. For represented parties, counsel appearing by video *must* include lead counsel, but other counsel of record, including local counsel, are permitted to attend by video. Counsel for each represented party who appears by video at the scheduling conference must have (a) *full* knowledge of the case and (b) authority to bind the client.

Counsel for each party will receive instructions from the Court's Courtroom Deputy by email. Lead counsel for each party must provide the Court's Courtroom Deputy (direct line 806-468-3834) with the email address of any other counsel who will attend on or before **12:00 p.m. (noon), May 23, 2022**. The Courtroom Deputy will respond to any such request with further instructions.

Because of the Court's Rule 16(b)(2) deadline for issuing a Scheduling Order, any request for an extension of the Rule 16 Scheduling Conference must be made by written motion and be supported by good cause. After the scheduling conference, the Court will enter a Scheduling Order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.

A scheduling order may be modified "only for good cause" and with the judge's consent. *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)).[1] Requests to extend deadlines in the Scheduling Order shall address Rule 16 and the factors considered when determining if good cause exists to modify a scheduling order.

IT IS SO ORDERED.

ENTERED April 11, 2022.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court considers four factors when determining whether good cause exists to modify a scheduling order: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).