IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| YOEL WEISSHAUS, § § § PLAINTIFF, § § v. § CIVIL ACTION NO. 2:22-cv-00035-Z § STEVE COY TEICHELMAN, AND § 100TH JUDICIAL DISTRICT, § § DEFENDANTS. § | |

### DEFENDANT 100TH JUDICIAL DISTRICT'S
### REPLY IN SUPPORT OF MOTION TO DISMISS

COMES NOW DEFENDANT, 100TH JUDICIAL DISTRICT ("DA", "District Attorney", or "Defendant"), and files this Reply in Support of Motion to Dismiss Plaintiff's Original Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6):

**A.**   **Plaintiff concedes that the civil forfeiture statutes and the asset forfeiture agreements are lawful.**

Plaintiff concedes the constitutionality of the civil forfeiture statutes and the asset forfeiture agreements described in Plaintiff's Original Complaint.[1] Plaintiff also does not challenge the lawfulness of any remarks or statements Luke Inman made relating to the civil forfeiture statutes and the asset forfeiture agreements. Rather, Plaintiff argues that out of the lawful civil forfeiture statutes and the asset forfeiture agreements sprang an unwritten custom of violating citizens' constitutional rights sufficient to represent a municipal policy.[2]

---

[1] *See* Plaintiff's Response [Doc. 16] at p. 6.
[2] *See* Plaintiff's Response [Doc. 16] at p. 6.

B. **Plaintiff's allegations are conclusory and fail to provide the necessary context to support municipal liability.**

To survive a motion to dismiss, a plaintiff's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts. *Spiller v. City of Texas City Police Department*, 130 F.3d 162, 167 (5th Cir. 1997). In order to establish municipal liability, a plaintiff must demonstrate that through the municipality's deliberate conduct, the municipality was the "moving force" behind the plaintiff's injury. *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* A plaintiff meets the culpability showing if the municipality promulgated a policy with deliberate indifference to the "known or obvious consequences" that constitutional violations would result. *Id.* at 407. A court must adhere to the rigorous requirements of culpability and causation so that the municipal liability theory does not collapse into *respondeat superior* liability. *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998) (citing *Bryan Cnty.*, 520 U.S. at 415).

The Supreme Court has explained that just because a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation because the plaintiff will simply have shown the *employee* acted culpably. Instead, a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with deliberate indifference to its known or obvious consequences. *Bryan Cnty,* 520 U.S. at 407.

Plaintiff's allegations regarding the alleged unwritten policy of illegally detaining and searching citizens are conclusory and require the Court to make significant assumptions regarding

the alleged "pattern" of constitutional violations. "[A] legal conclusion couched as a factual allegation" does not set out an allegation raising the right to relief above the level of speculation. *McClure v. Biesenbach,* 355 Fed. Appx. 800, 804 (5th Cir. 2009) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009).

By conceding there is no unlawful written policy, Plaintiff must establish an "official policy" through "a persistent, widespread practice" of municipal employees that "is so common and well settled as to constitute a custom that fairly represents a municipal policy." *See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). To establish a pattern of widespread and persistent custom through prior incidents, the incidents "'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [municipal] employees.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009) (quoting *Webster*, 735 F.2d at 842).

"Showing a pervasive pattern is a heavy burden." *Sanchez v. Young Cty., Texas*, 956 F.3d 785, 793 (5th Cir.), *cert. denied*, 141 S. Ct. 901 (2020). "A pattern requires similarity, specificity, and sufficiently numerous prior incidents," based on the context of the incident and the municipality's police force. *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 396–97 (5th Cir. 2017). Neither the Fifth Circuit nor the Supreme Court have set a specific number of incidents that is required for a plausible claim of municipal liability under a custom or practice. *See E.G. by Gonzalez v. Bond*, No. 1:16—CV-0068-BL, 2016 WL 8672774, at *10 (N.D. Tex. Sept. 9, 2016).

A plaintiff must also show context when attempting to show a pattern at the motion to dismiss stage. *See Dawes v. City of Dallas*, No. 3:17-CV-01424-X-BK, 2020 WL 3603090, at *5 (N.D. Tex. July 2, 2020). In *Peterson,* the Fifth Circuit concluded that twenty-seven complaints of excessive force by officers of the Fort Worth Police Department over three years without evidence placing that number in context were insufficient to establish a pattern of excessive force. *Peterson,* 588 F.3d at 851–52. The *Peterson* court noted that the record did not indicate the size of the police department or how many arrests were made over the relevant time period. *Id.* The court explained that the plaintiff has the burden of providing the context, such as the size of the police force, to show that the pattern rose to the level of a policy. *Id.* at 851.

The twenty-one instances of alleged prolonged detentions over eight years that Plaintiff asserts do not provide the required context to establish municipal liability. Plaintiff, in conclusory fashion without support, states that each incident was unconstitutional. But Plaintiff provides no context as to the number of officers or stops that occurred during the eight-year timeframe. Plaintiff also provides no documentation or ultimate resolution as to any of the instances cited. Plaintiff does not disclose whether the person(s) pled guilty or what a court decided as to any claim of unconstitutional behavior. Plaintiff merely makes the conclusory allegation that in each instance, the traffic stop was "prolonged" pursuant to an "unconstitutional pattern and practice."[3]

Plaintiff's Original Complaint lacks the necessary context to establish municipal liability. Plaintiff cannot show deliberate indifference that was the "moving force" behind Plaintiff's alleged injury. Therefore, the Court should dismiss Plaintiff's claims against the 110th Judicial District for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

---

[3] *See* Complaint [Doc. 1] at ¶72.

## Prayer

For these reasons, Defendant 100TH JUDICIAL DISTRICT prays that the Court grant its motion under 12(b)(6) and dismiss Plaintiff's Original Complaint. Defendant prays for such other and further relief to which it may show itself entitled.

        Respectfully submitted,

        */s/ Slater C. Elza*
        Slater C. Elza
        State Bar No. 24000747
        slater.elza@uwlaw.com
        UNDERWOOD LAW FIRM, P.C.
        P.O. Box 9158
        Amarillo, Texas  79105
        Tel:  (806) 376-5613
        Fax:  (806) 379-0316

        Brad R. Timms
        State Bar No. 24088535
        brad.timms@uwlaw.com
        UNDERWOOD LAW FIRM, P.C.
        1008 Macon Street, Suite 101
        Fort Worth, Texas  76102
        Tel:  (817) 885-7529
        Fax:  (817) 439-9922

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties of record via the Court's Electronic Filing System on the 2nd day of May, 2022.

        */s/ Slater C. Elza*
        Slater C. Elza