IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| YOEL WEISSHAUS, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-cv-00035-Z |
| § | |
| STEVE COY TEICHELMAN, AND § | |
| 100TH JUDICIAL DISTRICT, § | |
| § | |
| DEFENDANTS. § | |

### DEFENDANT STEVE COY TEICHELMAN'S
### MOTION TO STAY SCHEDULING ORDER DEADLINES AND DISCOVERY AND
### REQUEST FOR RULING REGARDING QUALIFIED IMMUNITY

COMES NOW, DEFENDANT Steve Coy Teichelman ("Officer Teichelman" or "Defendant"), and files this Motion to Stay Scheduling Order Deadlines and Discovery and Request for Ruling Regarding Qualified Immunity:

**I.
Introduction**

Officer Teichelman asserts the affirmative defense of qualified immunity.[1] Therefore, Officer Teichelman moves the Court to stay the current scheduling order and discovery and requests a ruling from the Court regarding his qualified immunity to suit.

The Supreme Court holds that "[b]ecause qualified immunity is an immunity from suit rather than a mere defense to liability," it is important for the Court to resolve "immunity questions at the earliest possible stage in litigation" so that the immunity is not effectively lost. *Crane v. City of Arlington*, No. 4:19-cv-00091-P, 2020 WL 4040910, at *4 (N.D. July 16, 2020) (J. Pittman)

---

[1] See Defendants' Original Answer to Plaintiff's Complaint [Doc. 11] at p. 19, ¶193.

(quoting *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009) (internal citations and quotation marks omitted)); *see also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("[A]s the Supreme Court has noted, that is precisely the point of qualified immunity: to protect public officials from expensive, intrusive discovery until and unless the requisite showing overcoming immunity is made."). Thus, "questions regarding qualified immunity are resolved on the face of the pleadings and with limited resort to pre-trial discovery." *James ex rel. James v. Sadler*, 909 F.2d 834, 838 (5th Cir. 1990)**.**

## II.
## Background

This case involves a traffic stop and search of Plaintiff's vehicle. Plaintiff was pulled over for speeding and displaying an obscured license plate/registration insignia.[2] Officer Teichelman had a K-9 with him, and the K-9 was used to detect illegal drugs or contraband. After a limited search of the vehicle, no illegal contraband was found, and Plaintiff was released with a warning.[3] Plaintiff alleged claims against the 100th Judicial District and Officer Teichelman, individually.

Defendant 100th Judicial District filed a Motion to Dismiss and Brief in Support pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] Officer Teichelman filed an answer that asserts qualified immunity as to the claims against him.[5] On May 25, 2022, the Court issued a Memorandum Opinion and Order[6] and Judgment[7] dismissing the claims against the 100th Judicial District. However, the claims against Officer Teichelman remain pending.

---

[2] *See* Plaintiff's Original Complaint [Doc. 1] at p. 3.
[3] *See* Plaintiff's Original Complaint [Doc. 1] at ¶¶5-36.
[4] *See* Defendant 100th Judicial District's Motion to Dismiss and Brief in Support [Doc. 10].
[5] *See* Defendants' Original Answer to Plaintiff's Complaint [Doc. 11] at p. 19, ¶193.
[6] *See* [Doc. 21].
[7] *See* [Doc. 22].

### III.
### Argument and Authorities

Officer Teichelman respectfully requests that the Court stay the scheduling order and discovery pending a ruling on the issue of qualified immunity through summary judgment procedures. *See Lamas v. Gonzales*, No. 5:20-CV-00216-H, 2021 WL 4822498, at *1 (N.D. Tex. Oct. 15, 2021) (J. Hendrix) (ordering that discovery remain stayed pending a ruling on the anticipated motion for summary judgment or further order from the Court regarding qualified immunity). If a claim survives summary judgment on immunity grounds, then the parties are entitled to all appropriate discovery, even discovery that does not relate to the qualified immunity defense. *Id.* (citing *Zantiz v. Seal*, 602 F. App'x 154, 159 (5th Cir. 2015)).

"A plaintiff makes out a [42 U.S.C.] § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law,'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)). "But government officials performing discretionary duties" can respond to such a claim by asserting qualified immunity. *Id.* at 294 (citing *Haverda v. Hays Cnty.*, 723 F.3d 586, 598 (5th Cir. 2013)). If they do, a court must consider each official's actions separately, *see Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007).

"Because qualified immunity is an *immunity from suit*, not merely a defense to liability, 'it is effectively lost if a case is erroneously permitted to go to trial.' It is for this reason that a denial of qualified immunity is immediately appealable and that a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation. This scheme prevents a defendant entitled to immunity from being compelled to bear the costs of discovery and other pre-trial burdens." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "A plaintiff suing for a constitutional violation has the ultimate

burden to show that the defendant violated a constitutional right . . . whether or not qualified immunity is involved." *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020).

## **Prayer**

For these reasons, Defendant Steve Coy Teichelman prays that the Court grant this motion, stay the scheduling order and discovery, and issue a ruling on Officer Teichelman's claim of qualified immunity. Defendant prays for such other and further relief to which it may show itself entitled.

Respectfully submitted,

*/s/ Brad R. Timms*
Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
P.O. Box 9158
Amarillo, Texas  79105
Tel:  (806) 376-5613
Fax:  (806) 379-0316

Brad R. Timms
State Bar No. 24088535
brad.timms@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
1008 Macon Street, Suite 101
Fort Worth, Texas  76102
Tel:  (817) 885-7529
Fax:  (817) 439-9922

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF CONFERENCE**

Counsel for Defendant, Brad Timms, conferenced with Counsel for Plaintiff, James Roberts, via phone on August 12, 2022 regarding this motion. Counsel for Plaintiff stated that he is opposed to this motion. The parties therefore request a ruling from the Court.

> */s/ Brad R. Timms*
> Brad R. Timms

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties of record via the Court's Electronic Filing System on the 12th day of August, 2022.

> */s/ Brad R. Timms*
> Brad R. Timms