IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| YOEL WEISSHAUS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-00035-Z |
| | § | |
| STEVE COY TEICHELMAN, AND | § | |
| 100TH JUDICIAL DISTRICT, | § | |
| | § | |
| DEFENDANTS. | § | |

## DEFENDANT STEVE COY TEICHELMAN'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant Steve Coy Teichelman ("Officer Teichelman" or "Defendant"), pursuant to Federal Rule of Civil Procedure 56, and moves the Court to grant summary judgment based on Defendant's qualified immunity:

### GROUNDS FOR SUMMARY JUDGMENT

This case arises out of a traffic stop that occurred on or about March 2, 2020 when Plaintiff Yoel Weisshaus and passenger Sasha Lee were driving from Oklahoma to Arizona.[1] Plaintiff asserts claims against Officer Teichelman pursuant to the Fourth Amendment and 42 U.S.C. § 1983 for illegal detention and search.[2] Officer Teichelman is entitled to qualified immunity. Consequently, Plaintiff's claims against Officer Teichelman should be dismissed.

Plaintiff wholly fails in his burden to defeat a public servant's assertion of qualified immunity. "Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she

---

[1] Plaintiff's Original Compliant [Doc. 1], ¶7.
[2] [Doc. 1], ¶¶ 99-142, 144-158.

1

confronted." *Brosseau v. Haugen,* 543 U.S. 194, 198 (2004). Plaintiff must demonstrate that Officer Teichelman obviously violated clearly established federal rights such that no reasonable officer could have thought such conduct constitutional. *Salas v. Carpenter,* 980 F.2d 299, 306 (5th Cir. 1992); *Whatley v. Philo,* 817 F.2d 19, 20 (5th Cir. 1987). Consequently, Officer Teichelman's immunity remains intact, and Plaintiff's claims against him should be dismissed.

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Specifically, when qualified immunity has been raised, "[t]he moving party is not required to meet [his] summary judgment burden for a claim of immunity." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks omitted). Instead, "[i]t is sufficient that the movant in good faith pleads that [he] is entitled to qualified immunity. Once [he] asserts this affirmative defense, the burden shifts to the plaintiff to rebut it." *Id.* (internal quotation marks and emphasis omitted).

## Prayer

For these reasons, Defendant Steve Coy Teichelman prays that the Court grant this motion and dismiss Plaintiff's claims against Defendant. Defendant prays for such other and further relief to which it may show itself entitled.

    Respectfully submitted,

*/s/ Brad R. Timms*
Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
P.O. Box 9158
Amarillo, Texas  79105
Tel:  (806) 376-5613
Fax:  (806) 379-0316

>Brad R. Timms
>State Bar No. 24088535
>brad.timms@uwlaw.com
>UNDERWOOD LAW FIRM, P.C.
>1008 Macon Street, Suite 101
>Fort Worth, Texas  76102
>Tel:  (817) 885-7529
>Fax:  (817) 439-9922
>
>ATTORNEYS FOR DEFENDANT STEVE COY TEICHELMAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties of record via the Court's Electronic Filing System on the 28th day of September, 2022.

>*/s/ Brad R. Timms*
>Brad R. Timms