IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| YOEL WEISSHAUS, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | No. 2:22-CV-00035-Z |
| v | § | |
| | § | |
| STEVE COY TEICHELMAN | § | |
|     Defendant. | § | |

**PLAINTIFF'S APPENDIX IN SUPPORT OF BRIEF IN SUPPORT TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

*/s/ Breanta Boss*
BREANTA BOSS
State Bar No. 74207

JAMES P. ROBERTS,
State Bar No. 24105721

SCOTT H. PALMER,
State Bar No. 00797196

SCOTT H. PALMER, P.C.
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Telephone: 214.987.4100
Facsimile: 214.922.9900
james@scottpalmerlaw.com
scott@scottpalmerlaw.com
breanta@scottpalmerlaw.com

COUNSEL FOR PLAINTIFF

001

002

<u>CERTIFICATE OF SERVICE</u>

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on October 19, 2022. I further certify that all participants in this case are registered CM/ECF users and that they were served through the CM/ECF system.

<u>/s/ Breanta Boss</u>
BREANTA BOSS

# TABLE OF CONTENTS

Exhibit A: Declaration of Yoel Weisshaus ..................................................................................004

Exhibit B:  Citation # DA 06821 issued by 100th Judicial District Attorney's Office ..............0011

# Exhibit A:
## Declaration of Yoel Weisshaus

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| YOEL WEISSHAUS, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § CIVIL ACTION NO. 2:22-cv-00035-z |
| | § |
| STEVE COY TEICHELMAN, and | § |
| 100th JUDICIAL DISTRICT, | § |
| | § |
| *Defendants.* | § |

---

**DECLARATION OF YOEL WEISSHAUS**

---

| | |
|---|---|
| COUNTY OF LUZERNE | § |
| | § |
| STATE OF PRENNSYLVANIA | § |

1. My name is Yoel Weisshaus, I am over the age of eighteen, and I have personal knowledge of the facts asserted in this declaration, and they are true and correct.

2. I am the Plaintiff in the above-entitled action, and I am familiar with the file, records, and pleadings in this matter.

3. I have never been convicted of any felonies.

4. On March 2, 2020, I was residing in New Milford, New Jersey.

5. On March 2, 2020, I was traveling with Sasha Lee in my 2016 Jeep Renegade.

6. Ms. Lee and I were traveling to Scottsdale Arizona, to help Ms. Lee move from her prior residence in Arizona to Teaneck, NJ.

1

7. At all relevant times, Ms. Lee was forty-two and I was thirty-nine years old.

8. On March 2, 2020, at about 8:30 A.M., I passed through the State of Texas, via the i40 westbound, en route from the State of Oklahoma to the State of New Mexico.

9. At all relevant times, the speed limit on i40 was 75 miles per hour.

10. At all relevant times, I was driving in the right lane at about 65 miles per hour.

11. The reason for driving slower is that my vehicle could not handle going 70 miles per hour without causing a mild vibration to the vehicle.

12. During this trip, Defendant, Coy Teichelman (referred hereinafter as "Defendant"), Teichelman conducted a traffic stop on my vehicle.

13. At all relevant times, Defendant identified himself as an officer of the Judicial District Traffic Enforcement Division (referred herein after as "Division"), an operation created by the District Attorney at the 100th Judicial District Attorney's Office.

14. I did not have any warrants or suspensions pending.

15. The registration of my vehicle was in good standing with the State of New Jersey.

16. Prior to conducting the traffic stop, Defendant passed my vehicle from the left side of the highway.

17. Defendant slowed down his unmarked vehicle for the purpose of conducting a traffic stop.

18. Defendant approached my vehicle from the passenger side and stated that the basis for the traffic stop was allegedly speeding and displaying an obscured license plate/registration insignia, specifically Defendant alleged I had dust on my plate.

19. However, I was traveling below the speed limit and the front and rear license plates of my vehicle were clearly visible.

20. Defendant requested to see my drivers' license and registration which I provided.

21. Defendant detained me and directed me to follow him to his patrol vehicle placing me in the front right seat of his vehicle until he issued a traffic warning.

22. Defendant informed me that no fine would be issued.

23. While in Defendant's unmarked patrol vehicle as Defendant was engaged in processing the traffic warning, Defendant asked me to disclose the origin of my departure and destination.

24. I answered that I am traveling to Scottsdale Arizona to help Ms. Lee move her belongings to New Jersey.

25. Defendant asked about my relationship to Ms. Lee, and I informed him that we are friends.

26. Teichelman completed issuing the citation, returned to me my driver's license, and informed me that I am free to leave.

27. However, after Defendant informed me that I am free to leave, Defendant stopped me from leaving his unmarked vehicle, stated I need to hold on and the purpose for the

traffic stop was that the Division's mission involves looking for "large sums of cash" or narcotics.

28. Defendant stated the Division uses traffic stops to achieve the goal of looking for "large sums of cash" or narcotics.

29. Defendant repeated the phrase that he is looking "large sums of cash" several times.

30. Defendant asked me if I have any cash, and I answered no.

31. Defendant asked me I have any drugs or marijuana, and I answered no.

32. Defendant then asked for my consent to a warrantless search of my vehicle, to which I declined.

33. In turn, Defendant informed me that under Texas law, if a dog alerts him to any narcotics in a vehicle, he will have probable cause to search the vehicle without the owner's consent.

34. Defendant told me I was detained, while he takes his K-9 to sniff my vehicle.

35. While utilizing a dog to sniff the outside of my vehicle, Defendant directed me not to leave the unmarked vehicle.

36. Defendant walked the K9 three times around the outside of my vehicle.

37. Defendant's K9 neither sat once, barked nor stopped.

38. Defendant returned the K9 to his unmarked vehicle and declared that the dog alerted him to narcotics inside my vehicle.

39. Defendant searched my vehicle.

40. Defendant directed Ms. Lee to leave my vehicle.

41. At no point did Defendant asked Ms. Lee for identification.

42. While Defendant searched my vehicle without a warrant, Defendant did not use the K9 to locate the purported sniff of the alleged narcotics.

43. During Defendant's warrantless search into my vehicle, Defendant damaged the interior of my vehicle and tossed out my belongings.

44. After the warrantless search yielded nothing, as there was no illegal narcotics inside of my vehicle, Defendant insisted that I be subjected to a pat down.

45. I declined to be pat down.

46. I asked to terminate the encounter.

47. Defendant became aggressive and informed me that I am being detained for refusing to follow his orders.

48. I asked again to terminate the encounter.

49. Teichelman directed me to sit in his police cruiser and that I was not free to leave.

50. I asked again to terminate the encounter.

51. After approximately twenty minutes passed, Defendant freed me.

52. I suffered injuries as a result of the illegal search and illegal detention performed by the Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the ___19th___ day of ___October___, ___2022___.

_____
Yoel Weisshaus

# Exhibit B:
# Citation # DA 06821 issued by 100th Judicial District Attorney's Office

# CITATION
## 100TH JUDICIAL DISTRICT ATTORNEY'S OFFICE

Citation #: PA 06821  
Case #: --  
Date/Time: 3/02/2020 8:31 AM

### Violator:
- **Name:** WEISSHAUS, YOEL
- **Address:** 235 MILFORD AVE APT 2E, NEW MILFORD, NJ 07646
- **DOB:** 11/19/2019
- **Sex:** Male
- **Race:** White
- **Ethnicity:** N. HISP
- **Hgt.:** -- --
- **Phone #:**
- **ID/DL State:** TX
- **ID/DL #:** W23147900009816

### Vehicle:
- **License #:** A35KUV
- **State:** NJ
- **Year:** 2016
- **Make:** JEE
- **Model:** OTHER (EXPLAIN IN I
- **Type:** -- --
- **Color:** -- --
- **Hazd:** No
- **Passengers:** No
- **VIN:** ZACCJBBT2GPD60985
- **Axle Weights:**

### Location:
- **Location:** 112 mile marker
- **Traffic:** -- --
- **County:** Carson
- **Direction:**
- **Day/Night:** Day
- **Road Cond.:** Dry
- **Constr Zn:** No
- **Workers:** No
- **School Zn:** No
- **Alleged Speed:** -- --
- **Posted Speed:** 75
- **Accident:** No
- **Radar Cal.:** Yes

### Violation(s):

### Warning(s):
Speeding  
Display Fictitious, Altered, or Obscured License Plates/Registration Insignia

### Court Information
- **Issued By:** Coy Teichelman
- **ID #:** 8104

THIS IS A WARNING ONLY. There is no further action required.

Walk in payment hours: -- --  
On or Before: N/A

Annually traffic law violations are recorded as a factor in about 85% of the rural traffic accidents in Texas. Approximately 60% of the traffic deaths in Texas occur on rural highways. The Enforcement actions taken against you and any subsequent court actions are intended to secure compliance with the traffic laws by you and all other users of the highways. Failure to comply with your written promise to appear in the court as made on this citation will constitute a separate offense for which you may be charged and result in failure to satisfy a judgement ordering the payment of a fine and cost in the manner ordered by the court may result in the denial of renewal of your driver's license.

"A second or subsequent conviction of an offense under the Texas Motor Vehicle Safety Responsibility Act will result in the suspension of your driver's license and motor vehicle registration unless you file and maintain evidence of financial responsibility with the Department of Public Safety for two (2) years from the date of conviction. The Department may waive the requirements to file evidence of financial responsibility if you file satisfactory evidence with the Department showing that at the time this citation was issued, the vehicle was covered by a motor vehicle liability insurance policy or that you were otherwise exempt from the requirements to provide evidence of financial responsibility."

You may be able to require that this charge be dismissed by successfully completing a driving safety course or motorcycle operator training course. You will lose that right if, on or before your appearance date, you do not provide the court with notice of your request to take the course.

JP2 Carson County 806-537-3722

0012

**Violator Copy**