# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| YOEL WEISSHAUS, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § CIVIL ACTION NO. 2:22-cv-00035-z |
| | § |
| STEVE COY TEICHELMAN, and | § |
| 100th JUDICIAL DISTRICT, | § |
| | § |
| *Defendants.* | § |

## PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME FOR FILING PLAINTIFF'S SUMMARY JUDGMENT RESPONSE

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, Plaintiff, Yoel Weisshaus, by and through counsel, hereby submits this Unopposed Motion and Brief in Support of Plaintiff's Motion for Extension of Time for Filing of Plaintiff's Summary Judgment Response pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), and would respectfully show the Court as follows:

### INTRODUCTION

1. On March 2, 2020, Plaintiff Yoel Weisshaus initiated this cause of action by filing his Original Complaint alleging that Defendant Officer Steve Coy Teichelman employed with the 100th Judicial District Traffic Enforcement Division conducted a traffic stop on him and alleging that even though the purpose for the stop had conducted, Defendant Teichelmen illegally prolonged the detention by detaining Mr. Weisshaus and searching his vehicle.

2. On September 7, 2022, the Court entered its First Amended Scheduling Order providing a response deadline within 14 days after a Motion for Summary Judgment Response is filed.

3. On September 28, 2022, Defendant filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. (ECF 27).

4. Counsel's paralegal made an oversight in calendaring the response deadline as twenty-one days from filing of Defendant's Motion for Summary Judgment as laid out in Local Rule 7.1, and not fourteen days as laid out in the Court's Scheduling Order (Doc 25); thus, Plaintiff's Counsel submitted a Response to Defendant's Motion for Summary Judgment on October 19, 2022 – 7 days past the response deadline (but within the deadline Plaintiff's Counsel mistakenly believed was correct due to the oversight in calendaring the deadline).

5. Plaintiff now submits this Unopposed Motion for Extension of Time for Filing of Plaintiff's Summary Judgment Response.

## ARGUMENT

6. Plaintiff requests this Court extend the deadline for him to file his Response (and Brief and Appendix in Support) to Defendant's Motion for Summary Judgment from 14 days to 21 days so that Plaintiff's Response filed on October 19, 2022, would be timely. (ECF 29, 30, 31).

7. When a party misses a deadline without requesting an extension, the Court may extend such deadline and accept the late filing if the party shows the delay was caused by "excusable neglect." Fed. R. Civ. P. 6 (b)(1)(B).

8. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under [Federal Rule of Civil Procedure] 6(b) is a somewhat 'elastic concept,' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 392 (1992).

9. Excusable neglect determinations rely on a balancing of these factors: (1) danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay (4), whether the delay was within the reasonable control of the moving party, and (5) whether the late filing party acted in good faith. *See Pioneer Investment Services Co.,* 507 U.S. at 395.

10. This is fundamentally a question of equity and relies on four factors: (1) the prejudice to the nonmovant, (2) the length of the delay and the impact on the judicial proceeding, (3) the reason for the delay and if it was reasonably in their control, and (4) whether the movant acted in good faith. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (citing *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)).

### Reasons for Delay

11. In this case, Counsel's reasons for delay do not demonstrate bad faith or intentional neglect because the delays were caused by an inadvertent mistake as due to an oversight in calendaring of the Response deadline, Counsel filed the response seven days past the Court's deadline.

12. Counsel's paralegal calendared the Response deadline in compliance with Local Rule 7.1 which provides responses to opposed motions must be filed within 21 days from the date the motion is filed, and replies may be filed within 14 days from the date the response is filed, unless otherwise directed by the presiding judge.

### Whether Movant Acted in Good Faith

13. Counsel does not seek this leave out of bad faith or for the purposes of delaying this case as Plaintiff's Counsel filed a Response with a relatively short delay mistakenly believing

that counsel was filing the response within the deadline and has not missed filing deadlines set by the Court previously set in this case.

### Prejudice to the Non-Movant

14. Granting this motion would not prejudice Defendant as Counsel has already provided his Reply in Support of Summary Judgment (ECF 32) and Defense Counsel have indicated they are unopposed to this Motion.

### Length of the Delay and Potential Impact on the Judicial Proceeding

15. Extension of the deadline would not affect remaining deadlines set out in the Court's scheduling order, including the trial date, and will not require a continuance.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully asks the Court to grant Plaintiff's Motion for Extension of Time for Filing of Plaintiff's Summary Judgment Response, thereby extending the deadline for him to file his Response (and Brief and Appendix in Support) to Defendant's Motion for Summary Judgment from 14 days to 21 days so that Plaintiff's Response filed on October 19, 2022, would be timely, and for such other and further relief to which he may be entitled, general or special, at law or in equity.

Respectfully submitted,

/s/ *Breanta Boss*
SCOTT H. PALMER
State Bar No. 00797196
JAMES P. ROBERTS
State Bar No. 24105721
BREANTA BOSS
State Bar No. 24115768

SCOTT H. PALMER, P.C.
15455 Dallas Parkway,
Suite 540, LB 32
Addison, Texas 75001

Tel: (214) 987-4100
Fax: (214) 922-9900
scott@scottpalmerlaw.com
james@scottpalmerlaw.com
breanta@scottpalmerlaw.com

**Attorneys for the Plaintiff**

## CERTIFICATE OF CONFERENCE

I certify that Plaintiff's counsel, Breanta Boss reached out to opposing counsel, Brad Timms, regarding this motion via email on October 26, 2022. Defense Counsel indicated he is unopposed.

/s/ *Breanta Boss*
Breanta Boss

## CERTIFICATE OF SERVICE

I certify that on October 27, 2022, a copy of this motion was served on all parties of record via the Court's CM/ECF filing system.

/s/ *Breanta Boss*
Breanta Boss